## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NUMBER:  06-CV-60506 (Marra/Seltzer)

MARK ROGGE, individually,                         )
and on behalf of all others                       )
similarly situated                                )
                                                  )
               Plaintiff,                         )
                                                  )
vs.                                               )        **Dispositive Motion**
                                                  )
WAL-MART STORES, INC.,                            )
a foreign corporation; and John                   )
Doe Corporations,                                 )
                                                  )
               Defendants.                        )

FILED BY ___
2006 OCT 20  AM 11: 31
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

---

### MOTION TO DISMISS AMENDED COMPLAINT
### OF DEFENDANT WAL-MART STORES, INC.
### AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Michael A. Schlanger
Michael H. Barr
Sandra D. Hauser
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone: (212) 768-6700
Fax: (212) 768-6800

William A. Stetson (Fl. Bar # 321140)
SONNENSCHEIN NATH & ROSENTHAL LLP
777 South Flagler Drive
West Palm Beach, FL 33401-6144
Phone: (561) 833-2410
Fax: (561) 833-8387

**Attorneys for Defendant Wal-Mart Stores, Inc.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

MOTION TO DISMISS ................................................................................................................. 1

MEMORANDUM OF LAW OF WAL-MART STORES, INC. IN SUPPORT OF MOTION
TO DISMISS ................................................................................................................................. 1

I.      PLAINTIFF'S AMENDED COMPLAINT STILL FAILS TO MEET THE
        PLEADING REQUIREMENTS OF FEDERAL RULE 9(B). ............................................ 3

II.     PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER
        FEDERAL RULE 12(B)(1) AND (6). ............................................................................... 6

        A.      Since Plaintiff Does Not Plead That He Personally Suffered Any Actual Injury,
                But Only Hypothesizes Abstract Injuries To Others, There Is No Case Or
                Controversy Under Article III. ............................................................................... 6

        B.      Plaintiff's Failure To Plead The Essential Elements of Causation And Injury
                Also Require Dismissal of His Purported Florida And Arkansas DTPA Claims
                As A Matter Of Law. ............................................................................................... 9

        C.      Plaintiff Has No Standing To Assert The Arkansas Deceptive Trade Practice
                Act As The Basis For A Purported Nationwide Class Action. ............................. 11

        D.      Even If Plaintiff Had Standing To Bring Suit Under The Arkansas Deceptive
                Trade Practice Act, His Claim Would Fail As A Matter Of Law. ......................... 14

        E.      Plaintiff Cannot Avoid The Requirements Of The Consumer Protection
                Statutes By Relabeling His Claim "Unjust Enrichment." ...................................... 16

CONCLUSION............................................................................................................................. 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aikens v. Microsoft Corp.*, 159 Fed. Appx. 471, 477 (4th Cir. 2005)................................17

*Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70 (S.D.N.Y. 1986) .........................7, 8

*Arkansas Right to Life Political Action Comm. v. Butler*, 146 F.3d 558 (8th Cir. 1998) ............................................................................................................................8, 9

*Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392 (E.D. Pa. 2006).............13

*Bochese v. Town of Ponce Inlet*, 405 F.3d 964 (11th Cir. 2005) .........................................8

*In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012 (7th Cir. 2002)......................................13

*Briehl v. Gen. Motors Corp.*, 172 F.3d 623 (8th Cir. 1999) .................................................8

*Brown v. Sibley*, 650 F.2d 760 (5th Cir. Unit A July 1981).............................................6, 8

*Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262 (7th Cir. 1983) ............17

*Cannon v. Metro Ford, Inc.*, 242 F. Supp. 2d 1322 (S. D. Fla. 2002).................................4

*Corsello v. Lincare, Inc.*, 428 F.3d 1008 (11th Cir. 2005) ..................................................3

*In re Crown Auto Dealerships, Inc.*, 187 B.R. 1009 (Bankr. M.D. Fla. 1995).................11

*Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505 (11th Cir. 1988)..........................................4

*Great Rivers Coop. v. Farmland Indus., Inc.*, 120 F.3d 893 ............................................14

*Griffin v. Dugger*, 823 F.2d 1476 (11th Cir. 1987)......................................................6, 7, 8

*Guyana Tel. & Tel. Co., Ltd. v. Melbourne Int'l Comm., Ltd.*, 329 F.3d 1241 (11th Cir. 2003) ..............................................................................................................................16

*Hanson Hams v. HBH Franchise Co., LLC*, No. 03-61198-CIV, 2004 U.S. Dist. LEXIS 29636 (S.D. Fla., Dec. 20, 2004)................................................................9, 10

*Haun v. Don Mealey Imps., Inc.*, 285 F. Supp. 2d 1297 (M.D. Fla. 2003).......................10

*Kelley v. Selin*, 42 F.3d 1501 (6th Cir. 1995) ......................................................................8

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ......................................6

*Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206 (E.D. Pa. 2000)................................................13

*Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n.*, 226 F.3d 1226 (11th Cir. 2000)....................................................................................6, 9

*Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221 (S.D. Fla. 2002)....................13

*O'Shea v. Littleton*, 414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) .......................6

*Patterson v. Downtown Med. and Diagnostic Ctr., Inc.*, 866 F. Supp. 1379 (M.D. Fla. 1994) ........................................................................................9

*Roberts v. Sunbeam Prods.*, No. 4:05CV000183, 2005 U.S. Dist. LEXIS 40460 (E.D. Ark., Dec. 14, 2005)....................................................................................15

*Rubens v. Ellis*, 202 F.2d 415 (5th Cir. 1953)....................................................................4

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786 (3d Cir. 1984) ...............................................................................................................4

*Space Gateway Support v. Prieth*, 371 F. Supp. 2d 1364 (M.D. Fla. 2005)....................17

*Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313 (S.D. Fla. 2004) ...........................5

*United States ex rel. Citizens United to Reduce and Block Fed. Fraud Inc., v. Metro. Med. Ctr. Inc.*, No. 89-0592-CIV, 1990 U.S. Dist. LEXIS 18339 (S. D. Fla. Jan. 11, 1990).........................................................................................4

*United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301 (11th Cir. 2002) ..............................................................................................................3

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ..........................................4

*Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, *aff'd in relevant part en banc*, 314 F.3d 541 (11th Cir. 2002)..........................................................3

*Warth v. Seldin*, 422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ......................6, 8

*Weiner v. Bank of King of Prussia*, 358 F. Supp. 684 (E.D. Pa. 1973) ...............................7

*Whitmore v. Arkansas*, 495 U.S. 149 (1990) .......................................................................8

*Wright v. Dougherty County, Ga.*, 358 F.3d 1352 (11th Cir. 2004)....................................9

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194 (11th Cir. 2001) .......................................3, 4

## STATE CASES

*Batlemento v. Dove Fountain, Inc.*, 593 So. 2d 234 (Fla. Dist. Ct. 1991) ...........................3

*Hutson v. Rexall Sundown, Inc.*, 837 So. 2d 1090 (Fla. Dist. Ct. App. 2003) ..................11

*Leonard & Yeargain v. State*, 129 S.W. 1089 (Ark. 1910) .................................................12

*Macias v. HBC of Fla., Inc.*, 694 So. 2d 88 (Fla. Dist. Ct. App. 1997) ............................10

*Manzanares v. Bell*, 522 P.2d 1291 (Kan. 1974) ................................................................14

*Oce Printing Sys. USA, Inc. v. Mailers Data Servs., Inc.*, 760 So. 2d 1037 (Fla.
   Dist. Ct. App. 2000) ......................................................................................................13

*Rollins, Inc. v. Butland*, 932 So. 2d 1172 (Fla. Dist. Ct. App. 2006) ...............................11

*State Sur. Co. v. Lensing*, 249 N.W.2d 608 (Iowa 1977) ...................................................12

*Wallis v. Ford Motor Co.*, 362 Ark. 317, ___ S.W.3d ___, 2005 WL 1120218
   (Ark. May 12, 2005) ..........................................................................................10, 14, 15

## FEDERAL STATUTES

Fed. R. Civ. P. 9(b) .................................................................................................. *passim*

Fed. R. Civ. P. 12(b)(1) ................................................................................................1, 9, 17

Fed. R. Civ. P. 12(b)(6) ........................................................................................... *passim*

## STATE STATUTES

Ark. Code Ann. §§ 4-88-101 ...........................................................................................11

Ark. Code Ann. § 4-88-106 ..............................................................................................12

Ark. Code Ann. § 4-88-107(a)(11)(A) ..............................................................................12

Ark. Code Ann. § 4-88-113(a)(2) ......................................................................................15

Ark. Code Ann. § 4-88-113(f) ...........................................................................................15

Ark. Code Ann. § 4-88-115 ...............................................................................................12

## SECONDARY AUTHORITIES

73 AM. JUR. 2d, *Statutes* § 359 (1974 & 1999 Supp.) ..................................................11, 12

Ark. Model Jury Instr., Civil AMI 2900 (2006 ed.) ...........................................................10

## MOTION TO DISMISS

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") respectfully moves to dismiss all counts of the Amended Complaint in this action, pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6), and upon the following Memorandum of Law.

## MEMORANDUM OF LAW OF WAL-MART STORES, INC. IN SUPPORT OF MOTION TO DISMISS

Conceding flaws in his initial pleading, Plaintiff Mark Rogge has tried again to level a complaint against Wal-Mart, still purporting to represent a nationwide class of consumers who allegedly were misled regarding the "thread count" of bed linens offered in Wal-Mart Stores. But his Amended Complaint is as overly ambitious and as legally deficient as the first.

Wal-Mart moved to dismiss Rogge's initial complaint under Fed. R. Civ. P. 9(b), because basic and elemental facts regarding Rogge's claim were absent. Wal-Mart further moved to dismiss certain claims in that complaint under Fed. R. Civ. P. 12(b)(6), because Rogge improperly had overreached in invoking the deceptive trade practices statutes of 51 jurisdictions on behalf of a putative nationwide "class," notwithstanding both his lack of standing to sue under those laws, and the fact that many of the statutes he referenced barred the very types of claims alleged (by, for example, prohibiting class actions, declining to afford a private right of action, barring monetary damages, or imposing mandatory notice and demand requirements as a prerequisite to suit).

After reviewing Wal-Mart's papers, Rogge proposed that the Court grant Wal-Mart's Motion to Dismiss, although asked that the Court do so without prejudice to his filing an Amended Complaint. Wal-Mart agreed, and this Court so Ordered.

Notwithstanding this second chance, Rogge has not addressed the central failings of his pleading. Instead he has introduced new ones. The Amended Complaint still does not comply

- 1 -

with Rule 9(b); the rudimentary facts underlying Rogge's assorted fraud-based claims against Wal-Mart remain missing.  And Rogge nowhere alleges the most basic element of his legal claim -- that his purchase was induced by a statement or omission of Wal-Mart that materially misled him and caused him injury.  Absent, for example, are any assertions that Rogge purchased sheets as an ordinary consumer; that "thread-count" representations were important to him and influenced his own purchase; or that he was actually aggrieved as a result of his Wal-Mart transactions.  Also absent are any facts grounding his broad assertions that the thread-count of the sheets he purchased were not as represented, or otherwise tying Wal-Mart to any supposed "offensive" conduct.

He instead continues to rely on generic "class" allegations and industry assertions that have been raised by and against others, but without any tie whatsoever to either Plaintiff or Defendant here.  These gross generalities about hypothetical consumers -- in place of concrete facts of his would-be claim and supposed "injury" -- not only fail to meet the requirements of Rules 9(b) and 12(b)(6), but fail to meet the foundational requirement for this Court's assertion of jurisdiction, Article III standing.

Rogge's newly minted nationwide class action theory fails too.  Having abandoned the attempt to assert the laws of 51 jurisdictions, he chooses to brings his own claim (as well as the proposed claims of all other Florida residents), under the Florida Unfair and Deceptive Trade Practices Act -- yet endeavors to bring suit on behalf of every Wal-Mart consumer in America under the banner of the Arkansas Deceptive Trade Practices Act (ADTPA).  As a threshold matter, Rogge, a Florida resident, cannot sue under this Arkansas statute, which does not reach claims by non-residents of Arkansas, and particularly those relating to transactions outside of Arkansas.  But even if there was any plaintiff in this case who did have such standing, under

controlling Arkansas precedent Rogge has failed to state a claim. The Supreme Court of Arkansas has made clear that non-manifest economic loss, such as diminution in value, is not cognizable injury under the ADTPA and fails to state a claim upon which relief can be granted.

The Amended Complaint should be dismissed in its entirety.

## I.   PLAINTIFF'S AMENDED COMPLAINT STILL FAILS TO MEET THE PLEADING REQUIREMENTS OF FEDERAL RULE 9(B).

To meet the requirements of Rule 9(b), a complaint must, at minimum, set forth: (1) the exact statements or representations that were made, in what documents or oral communications; (2) the time and place each statement was made, and the person responsible for making or failing to make the statement; (3) the content of the statements and exactly how they misled the Plaintiff; and (4) what the defendant obtained as a result of its conduct. *See generally Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

A plaintiff cannot simply skirt these requirements by alleging a nationwide class, or by offering general pronouncements regarding industry standards or what is generally fair or unfair conduct, without reference to specific facts related to the parties including specific alleged misrepresentations. *See, e.g., Batlemento v. Dove Fountain, Inc.*, 593 So. 2d 234 (Fla. Dist. Ct. 1991) (construing Florida Rule of Civil Procedure 1.120(b), the state analog to Fed. R. Civ. P. 9(b)). Although a court evaluating a motion to dismiss a complaint must accept all facts alleged in the complaint as true, and must generally draw inferences favorable to plaintiff, the Eleventh Circuit has clarified that courts must "decline to make inferences about the submission of fraudulent claims because such an assumption would 'strip[ ] all meaning from Rule 9(b)'s requirements of specificity.'" *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1013 (11th Cir. 2005) (citing *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1312 n.21 (11th Cir. 2002)); *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270, *aff'd in relevant*

- 3 -

*part en banc*, 314 F.3d 541 (11th Cir. 2002) (court need not accept purely conclusory statements, unwarranted factual deductions or conclusions of law).

Rule 9(b) thus serves the "important purpose" of protecting defendants "against spurious charges of immoral and fraudulent behavior" by requiring plaintiff to state the "precise misconduct with which they are charged." *Ziemba*, 256 F.3d at 1202 (citing *Durham v. Bus. Mgmt. Assoc.,* 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984))).

There is no question that Rule 9(b) is applicable to the Amended Complaint; each count is grounded in Rogge's general assertion that Wal-Mart knowingly (or with reason to know), "has been and is continuing to engage in deceptive, unfair, misleading and fraudulent conduct" in the labeling, marketing, advertising and sale of bed linen products. (Am. Compl., ¶¶ 9, 14-16, 33, 41, 48-53.)  Rule 9(b) applies to any pleading grounded in averments of false statements and fraud, whether stated directly as part of a cause of action for fraud or otherwise. *See Cannon v. Metro Ford, Inc.*, 242 F. Supp. 2d 1322, 1332 (S. D. Fla. 2002) (Florida DUTPA claim that alleged misrepresentations, but failed to meet particularity requirement of 9(b), dismissed); *United States ex rel. Citizens United to Reduce and Block Fed. Fraud Inc., v. Metro. Med. Ctr., Inc..*, No. 89-0592-CIV, 1990 U.S. Dist. LEXIS 18339 (S. D. Fla. Jan. 11, 1990) (unjust enrichment claim predicated on defendant's false claims had to be pled with as much specificity under Rule 9(b) as a direct claim of fraud); *see generally, Rubens v. Ellis*, 202 F.2d 415, 417 (5th Cir. 1953); *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1104 (9th Cir. 2003).

The Amended Complaint still does not comply with the exacting pleading requirement of Fed. R. Civ. P. 9(b).  Tellingly, Rogge's only new factual allegation regarding his own purchase is at Paragraph 10 of the Amended Complaint, which states:

- 4 -

> Plaintiff ROGGE purchased bed linen products at WAL-MART
> store #2151 in South Florida, including Springmaid Luxury
> Egyptian Blend 350 Thread Count Sheets; Springmaid Luxury
> Sateen 100% Damask Stripe 400 Thread Count Sheets; and Home
> Trends Select 600 Thread Count Sheets. When ROGGE purchased
> the bed linens listed above, said bed linens contained advertised,
> marketed and labeled thread counts that in fact were far in excess
> of the bed linen products' actual, lesser thread count.

Thus his only addition is to identify the products he purchased and the Florida location of purchase. Rogge still declines to indicate when he made the purchase, how much he paid, whether statements by Wal-Mart inspired the purchase, whether he has used the sheets to his satisfaction (or dissatisfaction), whether he sought to return them to Wal-Mart, or how he suffered any actual injury as a result of this transaction. And although he states that the bed linens he purchased contained inflated thread counts, Rogge nowhere says why he believes that to be the case, nor otherwise articulates a basis for asserting that any particular statement made by Wal-Mart is unfair, deceptive or untrue -- let alone known by Wal-Mart to be so.

Thus, on a basic level, Rogge flunks the 9(b) test by omitting not only the facts underpinning the legal elements of his claims (whether clothed in the language of "fraud," "deception" or "unjust enrichment"), but the simple information regarding the "who" "what" "when" or "where" of his alleged purchase from Wal-Mart, what was material in inducing the purchase, and his reaction thereto. *See Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320-21 (S.D. Fla. 2004) (to state DUTPA claim plaintiff "must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred and who engaged in them").

## II.   PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER FEDERAL RULE 12(B)(1) AND (6).

### A.   Since Plaintiff Does Not Plead That He Personally Suffered Any Actual Injury, But Only Hypothesizes Abstract Injuries To Others, There Is No Case Or Controversy Under Article III.

As a threshold matter, plaintiff has not suffered the legally cognizable injury that would permit him to bring this action in federal court.

Plaintiff has the burden of affirmatively establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To have standing to bring suit in federal court, plaintiff must show <u>he personally</u> suffered actual, legally cognizable injury as a result of the defendant's challenged conduct. "[T]o satisfy the injury prong of Article III standing, a plaintiff must 'present "specific, concrete facts" showing that the challenged conduct will result in a "demonstrable, particularized injury" to the plaintiff.'" *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n,* 226 F.3d 1226, 1229 (11th Cir. 2000) (citations omitted). "An allegation of an abstract injury will not suffice." *Id.*

> Under elementary principles of standing, a plaintiff must allege and show that <u>he personally suffered injury.</u> [Citations]. If he cannot show personal injury, then no article III case or controversy exists, and a federal court is powerless to hear his grievance. This <u>individual injury requirement is not met by alleging "that injury has been suffered by other, unidentified members of the class</u> to which [the plaintiff] belong[s] and which [he] purport[s] to represent." *Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 2207, 45 L.Ed.2d 343 (1975) . . . Thus, <u>a plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, "even if the persons described in the class definition would have standing themselves to sue."</u> *Brown v. Sibley,* 650 F.2d 760, 771 (5th Cir. Unit A July 1981); [citations]. A named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants <u>simply cannot seek relief for anyone -- not for himself, and not for any other member of the class.</u> *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

- 6 -

*Griffin v. Dugger*, 823 F.2d 1476, 1482-83 (11th Cir. 1987) (emphasis added).

"A plaintiff may not use the procedural device of a class action to bootstrap himself into standing"; the standing question "is totally separate and distinct from the question of plaintiff's right to represent a purported class under Rule 23 . . . Standing to sue is an essential threshold which must be crossed before any determination as to class representation under Rule 23 can be made." *Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70, 74 (S.D.N.Y. 1986) (quoting *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684 (E.D. Pa. 1973)).

Plaintiff cannot satisfy the fundamental requirement of Article III standing because he does not plead that he personally was injured by Wal-Mart's alleged conduct.

Plaintiff alleges he purchased three sets of sheets from a Wal-Mart store in Florida, and that the sheets were labeled as having a thread count in excess of what they actually had.  (Am. Compl., ¶ 10.)  There is no allegation that plaintiff was actually dissatisfied with the sheets he purchased, or that their value was any less based on the thread count discrepancy.  While plaintiff alleges that "monies expended on the offending bed linens and bed sheets" may be part of the would-be damages (Am. Compl., ¶ 45), he does not explain why (if in fact the sheets were not of the quality he understood them to be) he did not return the sheets for a full refund under Wal-Mart's stated policy permitting customers to return products (including opened and used bed linens) within 90 days of purchase, for any reason or no reason at all.

Indeed, plaintiff does not -- because, we submit, he cannot -- allege that he personally was deceptively induced to purchase based on the thread count being as stated on the packaging (i.e., that it was a material part of his purchasing decision).  As set forth in the Rule 9(b) discussion above, plaintiff provides no details at all about the circumstances of his purchase.  Instead, plaintiff attempts to dodge this essential element of his standing to sue by asserting in

- 7 -

the abstract that "a reasonable consumer concerned with purchasing bed linens and bed sheets of

a certain thread count would have purchased the offending bed linens and bed sheets based on

the misrepresentations by the Defendants."  (Am. Compl., ¶ 13; emphasis added.)

It doesn't work that way.  Plaintiff cannot bootstrap Article III standing in this fashion.

*Warth,* 422 U.S. at 502; *Griffin,* 823 F.2d at 1482-83; *Brown,* 650 F.2d at 771; *see also Angel*

*Music,* 112 F.R.D. at 74.

Plaintiff's vague and conclusory allegations that he and "the Class" have "suffered

damages" and "ascertainable loss" (Am. Compl., ¶¶ 35, 45) rest impermissibly on speculation

about what other hypothetical "reasonable consumers" might have thought when they purchased

sheets -- not any concrete, actual harm to him personally.  This speculation and conjecture is no

basis for standing, which cannot rest on "merely a hypothetical or imagined detriment." *Kelley*

*v. Selin*, 42 F.3d 1501, 1508 (6th Cir. 1995).

> It is not enough that "the [plaintiff]'s complaint sets forth facts
> from which we could *imagine* an injury sufficient to satisfy Article
> III's standing requirements," since "we should not speculate
> concerning the existence of standing, nor should we imagine or
> piece together an injury sufficient to give plaintiff standing when it
> has demonstrated none.  The plaintiff has the burden to 'clearly
> and specifically set forth facts sufficient to satisfy [ ] Art. III
> standing requirements.'  If the plaintiff fails to meet its burden, this
> court lacks the power to create jurisdiction by embellishing a
> deficient allegation of injury."

*Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005) (quoting *Miccosukee Tribe*

*of Indians of Fla.,* 226 F.3d at 1229-30 (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 155

(1990))).  *See also Arkansas Right to Life Political Action Comm. v. Butler,* 146 F.3d 558, 560

(8th Cir. 1998) ("Vague and conclusory allegations of harm are insufficient to create standing");

*Briehl v. Gen. Motors Corp.,* 172 F.3d 623, 629 (8th Cir. 1999) ("Plaintiffs' conclusory

assertions that they, as a class, have experienced damages . . . are simply too speculative to allow

this case to go forward"); *Patterson v. Downtown Med. and Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994) ("Plaintiff does not plead any facts to support how she relied to her detriment on representations by the Defendant or what damages she suffered as a result of such reliance"; dismissing misrepresentation claim).

Since plaintiff has declined to give any concrete details about his own purchase -- even after Wal-Mart pointed out this deficiency in its prior Rule 9(b) motion -- plaintiff's Amended Complaint presents precisely the kind of abstract dispute that is not justiciable under Article III. *Wright v. Dougherty County, Ga.*, 358 F.3d 1352, 1355 (11th Cir. 2004) ("'injury in fact' requires a showing . . . [that] the injury [is] an invasion of a legally protected interest that is sufficiently concrete and particularized rather than abstract and indefinite"); *Miccosukee Tribe of Indians of Fla., supra,* 226 F.3d at 1229-30 (same); *Arkansas Right to Life, supra,* 146 F.3d at 560 (same).

Having failed to plead any injury to plaintiff personally as a result of Wal-Mart's conduct, there is no case or controversy and the Amended Complaint must be dismissed for lack of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**B.     Plaintiff's Failure To Plead The Essential Elements of Causation And Injury Also Require Dismissal of His Purported Florida And Arkansas DTPA Claims As A Matter Of Law.**

For essentially the same reasons just discussed, plaintiff's DTPA claims -- whether asserted under Florida or Arkansas law -- lack the essential elements of causation and damages. Accordingly, they must be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

"To maintain a private cause of action for legal (as opposed to equitable) relief under the FDUTPA, a plaintiff must show not only that the conduct complained of was unfair, unconscionable, or deceptive, but also that it has suffered actual damages proximately caused by

- 9 -

the unlawful conduct." *Hanson Hams v. HBH Franchise Co., LLC*, No. 03-61198-CIV, 2004

U.S. Dist. LEXIS 29636, at *13 (S.D. Fla., Dec. 20, 2004). The same is true of the ADTPA.

*See, e.g.*, Ark. Model Jury Instr., Civil AMI 2900 (2006 ed.) (ADTPA plaintiff "has the burden

of proving" that "he/she has sustained damages" and that defendant's "conduct was a proximate

cause of [plaintiff]'s damages"); *Wallis v. Ford Motor Co.*, 362 Ark. 317, ___ S.W.3d ___ , 2005

WL 1120218 (Ark. May 12, 2005) (private action under ADTPA requires plaintiff to plead and

prove actual damages).

Rogge entirely fails to allege causation. The very heart of his own claim of deception --

that he was actually deceived by Wal-Mart -- is missing. While "pleading rules are liberal,

conclusory statements of 'direct and proximate result' do not state an element." *Haun v. Don

Mealey Imps., Inc.,* 285 F. Supp. 2d 1297, 1307 (M.D. Fla. 2003). "[B]ecause Plaintiff fails to

allege *how* he was 'aggrieved by' Defendants' acts, he fails to state the elements of harm and

causation, essential to his claim." *Id.* (dismissing FDUTPA claim where plaintiff's deposit for

car was returned when financing failed).

Nor has Rogge stated how he actually was "aggrieved" as a result of his Wal-Mart

transactions. "In the absence of actual damages attributable to a FDUTPA violation Plaintiff's

claim must be dismissed." *Hanson Hams*, 2004 U.S. Dist. LEXIS 29636, at *29 (plaintiff "failed

to show that it suffered any damages as a result of Defendant's purportedly 'unfair' conduct,"

where damage calculation equaled actual purchase price for franchise); *see also Macias v. HBC

of Fla., Inc.*, 694 So. 2d 88, 90 (Fla. Dist. Ct. App. 1997) (affirming dismissal of complaint

where plaintiff did not suffer any losses as a result of premature termination of radio contest);

*Wallis v. Ford Motor Co.*, at *8 (ADTPA claim "deficient because Wallis has failed to plead a

cognizable injury as a result of the purchase or lease of an allegedly defective vehicle").

- 10 -

"FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins, Inc. v. Butland*, 932 So. 2d 1172, 1184 (Fla. Dist. Ct. App. 2006); *see In re Crown Auto Dealerships, Inc.*, 187 B.R. 1009, 1012, 1019 (Bankr. M.D. Fla. 1995) (rejecting FDUPTA claim based on plaintiffs' purchase of cars "sold to them as new" when in fact they had been stolen and recovered, court held plaintiffs "received the vehicle that they bargained for" and "failed to establish that they suffered any actual damages as a result of Crown's representations concerning the vehicles"; their "subjective feelings of disappointment are insufficient to form the basis of an award of actual damages"); *see also Hutson v. Rexall Sundown, Inc.,* 837 So. 2d 1090, 1093 (Fla. Dist. Ct. App. 2003) ("a person who had actual knowledge of the number of softgels needed to be taken per serving would not have suffered any damages as a result of the alleged deceptive trade practice and, therefore, would have no cause of action").

Accordingly, dismissal is in order.

### C.    Plaintiff Has No Standing To Assert The Arkansas Deceptive Trade Practice Act As The Basis For A Purported Nationwide Class Action.

Plaintiff purports to plead both a Florida and a nationwide consumer fraud class action (Counts I and II, respectively).  With respect to the latter, plaintiff has abandoned the untenable multi-state legal smorgasbord pled in his original complaint, and now suggests that all members of the purported nationwide class would be governed by the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 *et seq*. (Am. Compl., ¶¶ 38-44.)  This proposal fares no better.

It is a well-settled principle that:

> [N]o legislation is presumed to be intended to operate outside the
> territorial jurisdiction of the state . . . enacting it.  To the contrary,
> the presumption is that the statute is intended to have no
> extraterritorial effect . . . .  Accordingly, a statute is prima facie
> operative only as to persons or things within the territorial

- 11 -

> jurisdiction of the lawmaking power which enacted it. These rules
> apply to a statute using general words, such as "any" or "all," in
> describing the persons or acts to which the statute applies.

73 Am. Jur. 2d, *Statutes* §359 (1974 & 1999 Supp.); *see also Leonard & Yeargain v. State*, 129

S.W. 1089, 1090-91 (Ark. 1910) ("An intent to give extraterritorial effect to a statute will not be

ascribed to the lawmakers unless the language employed affords no escape from such

construction").

Nothing in the ADTPA on which Rogge relies suggests that the Act has such

extraterritorial effect, and Wal-Mart has found no authority permitting a single, non-resident

plaintiff like Rogge to bring a nationwide damage class action on behalf of all consumers across

the country under this statute. To the contrary, the statute's provisions make clear the

legislature's intent to legislate on behalf of Arkansas residents only. Indeed, the statute indicates

that any action thereunder must be brought <u>in Arkansas</u>:

> Any civil action brought to enforce the provisions of this chapter
> may be brought in any court of competent jurisdiction <u>in this state</u>
> during a period of five (5) years commencing on the date of the
> occurrence of the violation or the date upon which the cause of
> action arises.

Ark. Code Ann. § 4-88-115; *see also* Ark. Code Ann. § 4-88-106 (Attorney General may appoint

Consumer Advisory Board, to assist with "[n]eeded changes to improve consumer protection <u>in</u>

<u>Arkansas</u>"); § 4-88-107 (a)(11)(A) ("Deceptive and unconscionable trade practices" include

displaying "a fictitious or misleading name or telephone number <u>on an Arkansas resident's</u>

telephone caller identification service") (emphases added).

"We cannot ignore the general rule that a state's statutes are presumed not to have

extraterritorial effect. <u>Nothing within the statutory scheme . . . convinces us the regulation of</u>

<u>out-of-state transactions to non-residents was ever contemplated</u>." *State Sur. Co. v. Lensing*, 249

- 12 -

N.W.2d 608, 612 (Iowa 1977) (emphasis added). The contrary result that plaintiff urges is at war

not only with the statutory text, but also with the generally accepted proposition that "[s]tate

consumer fraud acts are designed to either protect state residents or protect consumers engaged

in transactions within the state." *Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206, 215 (E.D. Pa. 2000);

*accord, Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392, 413 (E.D. Pa. 2006)

(Pennsylvania consumer protection statute "provides a remedy only to Pennsylvania residents.

Thus, non-Pennsylvania residents . . . do not have a cause of action under the UTPCPL").

The same policy considerations apply with equal force to the Arkansas law. The fact that

Wal-Mart's corporate headquarters are located in Arkansas (Am. Compl., ¶ 44) is, without more,

irrelevant. Plaintiff purchased sheets in Florida; as the Florida Appellate Court held with respect

to this state's DTPA, the statute was enacted "to protect in-state consumers"; "[o]ther states can

protect their own residents," as Florida does with respect to its own residents doing business with

out-of-state businesses. *Oce Printing Sys. USA, Inc. v. Mailers Data Servs., Inc.*, 760 So. 2d

1037, 1042 (Fla. Dist. Ct. App. 2000); *see also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012,

1017 (7th Cir. 2002) ("If recovery for breach of warranty or consumer fraud is possible, the

injury is decidedly where the *consumer* is located, rather than where the seller maintains its

headquarters").

Even though defendants' principal place of business was Florida, this Court held in

*Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221 (S.D. Fla. 2002) that "Plaintiff's alleged

injury occurred in Texas," where he purchased the allegedly defective product; "The Plaintiff

herein brings his action under one Florida statute -- FDUTPA. However, his individual claim is

more appropriately brought under the analogous Texas deceptive trade practices act . . . As a

result, he lacks standing to bring his claim." *Id.* at. 225-26 (emphasis added).

- 13 -

The same is true here.  There is no plaintiff with standing to assert the Arkansas law claim that is now the alleged basis for a would-be nationwide class action.  Counsel filed this action naming plaintiff Rogge as the sole consumer class representative.  As a resident of Florida, who purchased the "offending" sheets in Florida, Rogge has no standing to assert a violation of the Arkansas DTPA.  *Id.; see also Manzanares v. Bell*, 522 P.2d 1291, 1312 (Kan. 1974) (plaintiffs "lacked standing to assert the rights of a non-resident" since they "are residents of this state.  The class they represent is composed of 'all citizens of Kansas,' hence they may not litigate constitutional rights of a class they do not represent").

In sum, Rogge cannot bring a claim under the Arkansas DTPA against Wal-Mart.  A claim cannot be asserted on behalf of no one.  And since there is no other plaintiff with standing to sue under Arkansas law, the purported nationwide class action claim (Count II) must be dismissed.  *See Great Rivers Coop. v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997) ("Because Tacey is the only named representative in Count 4, the putative class lacks a representative on that count. Without a class representative, the putative class cannot be certified and its claims cannot survive.  The district court's dismissal was therefore proper").

### D.    Even If Plaintiff Had Standing To Bring Suit Under The Arkansas Deceptive Trade Practice Act, His Claim Would Fail As A Matter Of Law.

Even if there was an Arkansas plaintiff, and that state's DTPA law had nationwide, extraterritorial reach, the putative (which is to say, non-existent) "plaintiff" asserting it does not state a claim under the controlling Arkansas precedent.

In *Wallis v. Ford Motor Co.*, 362 Ark. 317, ___ S.W.3d ___, 2005 WL 1120218 (Ark. May 12, 2005) the class action plaintiff alleged -- similar to plaintiff here -- that defendant Ford "knowingly concealed" a design defect, and that its "cover up of the inherent design problems and resulting accidents, combined with its Explorer brand imaging, led millions of consumers to

- 14 -

purchase or lease Ford Explorers at prices far in excess of the values which would have been assigned to such vehicles had these dangers been disclosed." *Id.*, at \*1.

Affirming dismissal, the Supreme Court of Arkansas rejected plaintiff's argument that a cognizable injury under the Arkansas DTPA "can be based solely on a product's diminution in value." *Id.*, at \*2. In so holding, the court contrasted the Attorney General's broad power under the Act to pursue any "ascertainable loss" that results from a violation (§ 4-88-113(a)(2)), with a private cause of action under § 4-88-113(f), "[which] is limited to instances where a person has suffered 'actual damage or injury as a result of an offense or violation as defined in this chapter.'" *Id.*, at \*8. The court held such "actual damage or injury is sustained when the product has actually malfunctioned or the defect has manifested itself. <u>Where the only alleged injury is the diminution value of the product, a private cause of action is not cognizable under the ADTPA</u>." *Id.* (emphasis added); *accord, Roberts v. Sunbeam Prods.*, No. 4:05CV000183, 2005 U.S. Dist. LEXIS 40460 (E.D. Ark., Dec. 14, 2005).

Plaintiff has not alleged, and could not allege, any manifest product "defect"; the most he alleges is diminution in value, or similar economic-only loss, which under *Wallis* is not sufficient to state a private claim under the Arkansas DTPA. Hence, plaintiff's purported nationwide class action (Count II) fails as a matter of Arkansas law.

And indeed, if plaintiff's choice of law analysis were correct -- i.e., that a "governmental interest" analysis points to Arkansas law for all plaintiffs everywhere (Am. Compl., ¶¶ 38-44) -- then such choice of law would apply equally to plaintiff. In other words, the ineluctable result of plaintiff's choice of law theory, is that the Florida class action (Count I) would also be governed by the Arkansas statute -- and fail for the reasons discussed in *Wallis* and articulated above.

- 15 -

E. **Plaintiff Cannot Avoid The Requirements Of The Consumer Protection Statutes By Re-labeling His Claim "Unjust Enrichment."**

The same allegations that underpin plaintiff's purported claims under the Florida and Arkansas DTPA statutes are repeated under the label "unjust enrichment" in Count III of plaintiff's Amended Complaint. Plaintiff cannot end-run the specific requirements of these consumer fraud statutes by the expedient of relabeling his claim as one for "unjust enrichment."

As the Eleventh Circuit observed in *Guyana Tel. & Tel. Co., Ltd. v. Melbourne Int'l Comm., Ltd.*, 329 F.3d 1241 (11th Cir. 2003),

> "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." . . . The paradigm examples of unjust enrichment are mistaken transfers. "<u>As soon as [a] claimant relies on a wrong [to supply the unjust factor], the right on which he relies arises from that wrong, not from unjust enrichment</u>."

*Id.* at 1245 (quoting Peter Birks, Unjust Enrichment and Wrongful Enrichment, 79 Texas L. Rev. 1767, 1783, 1789 (2001)) (emphasis added).

In *Guyana*, because plaintiff sought restitution "aris[ing] from the wrong of the tort committed" by the alleged conspiracy in that case, "this is a case of wrongful enrichment rather than unjust enrichment: the breach of a primary tort duty gave rise to a secondary right to restitution for the benefit obtained through commission of the wrong." *Id.* Simply put, "the defendants' wrong is the basis for the obligation." *Id.*

Here too, the alleged "wrong" is Wal-Mart's purported violation of state consumer fraud statutes, and proof of such violations is the essential basis and predicate for any "secondary right" to unjust (or more accurately, "wrongful") enrichment recovery.

In other words, plaintiff cannot circumvent the requirements of the "primary tort duty" that he alleges by labeling his claim "unjust enrichment." Seventh Circuit Chief Judge Richard

- 16 -

Posner enunciated this principle in affirming dismissal of claims for tortious interference, and violation of the Illinois DTPA, that were appended to a defamation complaint; plaintiff's pleading tactics would impermissibly "enabl[e] the plaintiff to avoid the specific limitations with which the law of defamation--presumably to some purpose--is hedged about." *Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 274 (7th Cir. 1983).

The same holds true here.  Neither Florida nor Arkansas "would allow this end run around their rules on" consumer fraud claims. *Id. See also Aikens v. Microsoft Corp.*, 159 Fed. Appx. 471, 477 (4th Cir. 2005) ("to the extent that the plaintiffs cannot sue for monetary damages under Louisiana antitrust law, they cannot employ a subsidiary unjust enrichment claim to circumvent this rule"; affirming dismissal). *Cf. Space Gateway Support v. Prieth*, 371 F. Supp. 2d 1364, 1370 (M.D. Fla. 2005) ("the remedy of unjust enrichment is not appropriate in this case"; dismissing claim was proper because plaintiff had "a claim for equitable relief under" ERISA, and "[a]n unjust enrichment claim would be duplicative of the relief [plaintiff] seeks in Count 1, because in both counts [it] seeks a return of the benefits it paid out").

## CONCLUSION

For the reasons stated, Wal-Mart respectfully requests that this Court grant its motion pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6) and dismiss the Amended Complaint.

Dated: October 20, 2006

Respectfully Submitted,

Of Counsel:
Gregory R. Naron

Michael A. Schlanger
Michael H. Barr
Sandra D. Hauser
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone: (212) 768-6700
Fax: (212) 768-6800

- 17 -

William Stetson
SONNENSCHEIN NATH & ROSENTHAL LLP
777 South Flagler Drive
West Palm Beach, FL 33401-6144
Phone: (561) 833-2410
Fax: (561) 833-8387

Attorneys for Defendant Wal-Mart Stores, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by Federal Express, expenses pre-paid, this _20th_ day of _October_, 2006, to:

## SERVICE LIST

CASE NUMBER:  06-CV-60506 (Marra/Seltzer)

| | |
|---|---|
| Gary M. Farmer, Jr.<br>FL Bar No. 914444<br>FREEDLAND, FARMER, RUSSO &<br>SHELLER, PL<br>2665 Executive Park Drive, Ste. 3<br>Weston, FL 33331<br>Tel: 954-467-6400<br>Attorneys for Plaintiff | Edward H. Zebersky<br>FL Bar No. 0908370<br>James P. Gitkin<br>FL Bar No. 570001<br>ZEBERSKY & PAYNE, LLP<br>4000 Hollywood Boulevard, Ste. 400-N<br>Hollywood, FL 33021<br>Tel: 954-989-6333<br>Fax: 954-989-7781<br>Attorneys for Plaintiff |

By:_____
WILLIAM A. STETSON

- 19 -