UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NUMBER:  06-CV-60506 (Marra/Seltzer)

| | |
|---|---|
| MARK ROGGE, individually, and on behalf of all others similarly situated )<br><br>Plaintiff, )<br><br>vs. )<br><br>WAL-MART STORES, INC., a foreign corporation; and John Doe Corporations, )<br><br>Defendants. ) | Dispositive Motion |

WAL-MART'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS

Michael A. Schlanger
Michael H. Barr
Sandra D. Hauser
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone: (212) 768-6700
Fax: (212) 768-6800

William A. Stetson (Fl. Bar # 321140)
SONNENSCHEIN NATH & ROSENTHAL LLP
777 South Flagler Drive
West Palm Beach, FL 33401-6144
Phone: (561) 833-2410
Fax: (561) 833-8387

**Attorneys for Defendant Wal-Mart Stores, Inc.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION.......................................................................................................................... 1

ARGUMENT ................................................................................................................................ 3

    I.    WAL-MART'S UNOPPOSED RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF ARTICLE III STANDING MUST BE GRANTED. ........................................................ 3

    II.    ROGGE DOES NOT DISPUTE THAT THE ADTPA HAS NO EXTRATERRITORIAL EFFECT, AND THAT HE HAS NO STANDING TO ASSERT A CLAIM UNDER THAT ACT. .......................................................................................................... 4

    III.    ROGGE CANNOT DISTINGUISH CONTROLLING SUPREME COURT OF ARKANSAS AUTHORITY THAT THE "DIMINUTION IN VALUE" ROGGE ASSERTS HERE DOES NOT SUPPORT A PRIVATE ACTION UNDER THE ADTPA........................................................................................................... 5

    IV.    ROGGE'S AMENDED COMPLAINT AGAIN FAILS TO MEET THE EXACTING STANDARDS OF FEDERAL RULE 9(B). ........................................................... 8

    V.    ROGGE'S OBFUSCATION CANNOT AVOID THE ABSENCE OF CAUSATION AND DAMAGES THAT DOOMS ALL HIS CLAIMS. ................................................. 10

    VI.    ROGGE DOES NOT DISPUTE THAT HE FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT; HENCE, COUNT III MUST BE DISMISSED. ................... 14

CONCLUSION ........................................................................................................................... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cannon v. Metro Ford, Inc.*, 242 F. Supp. 2d 1322 (S.D. Fla. 2002) ................................. 9

*Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449 (5th Cir. 2001) .................................... 7

*In re Crown Auto Dealerships, Inc.*, 187 B.R. 1009 (Bankr. M.D. Fla. 1995) ................. 13

*Drummer v. Bank*, 2006 WL 2051331 (N.D. Ill. July 18, 2006) .................................... 4, 5

*Eglen v. America Online, Inc.*, 2001 WL 1028851 (S.D. Ind. June 19, 2001) ............... 4, 5

*Florida Digital Network, Inc. v. Northern Telecom, Inc.*, 2006 WL 2523163
    (M.D. Fla. Aug. 30, 2006) ...................................................................................... 9

*FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312 (8th Cir. 1990) ................... 9

*Great Rivers Coop. v. Farmland Indus., Inc.*, 120 F.3d 893 (8th Cir. 1997) ..................... 4

*Griffin v. Dugger*, 823 F.2d 1476 (11th Cir. 1987) ......................................................... 3, 13

*Guyana Tel. & Telegraph Co. v. Melbourne Int'l Commc'ns, Ltd.*, 329 F.3d 1241
    (11th Cir. 2003) ..................................................................................................... 14

*Haun v. Don Mealey Imports, Inc.*, 285 F. Supp. 2d 1297 (M.D. Fla. 2003) ....... 11, 12, 13

*Huang v. U.S. Atty. Gen.*, 429 F.3d 1002 (11th Cir. 2005) .................................................. 5

*Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206 (E.D. Pa. 2000) ................................................. 4

*Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226
    (11th Cir. 2000) ....................................................................................................... 3

*Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221 (S.D. Fla. 2002) ...................... 4

*Space Gateway Support v. Prieth*, 371 F. Supp. 2d 1364 (M.D. Fla. 2005) .................... 14

*Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313 (M.D. Fla. 2002) ............................ *passim*

*Tripp v. Dep't of Defense*, 193 F. Supp. 2d 229 (D.D.C. 2002) ...................................... 4, 5

*Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313 (S.D. Fla. 2004) ........................ 10

*United States v. Shelly*, 2005 WL 1154200 (W.D. Wis. May 16, 2005) ............................. 4

*Villano v. CBS, Inc.*, 176 F.R.D. 130 (S.D.N.Y. 1997).........................................................9

*Watkins v. Bibb*, 2006 WL 1975992 (S.D.N.Y. 2006)........................................................9

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194 (11th Cir. 2001)...........................................9

## STATE CASES

*Ft. Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So. 2d 311 (Fla. Dist. Ct. App. 1998)..................................................................................................... 10, 14

*Green v. McNeil Nutritionals, LLC*, 2005 WL 3388158 (Fla. Cir. Ct. Duval County Nov. 16, 2005)................................................................................ 11, 12, 13

*Hutson v. Rexall Sundown, Inc.*, 837 So. 2d 1090 (Fla. Dist. Ct. App. 2003) ................. 13

*Latman v. Costa Cruise Lines*, 758 So. 2d 699 (Fla. Dist. Ct. App. 2000)...................... 12

*Philip Morris USA Inc. v. Hines*, 883 So. 2d 292 (Fla. Dist. Ct. App. 2004).................. 13

*Rollins, Inc. v. Butland*, ___ So. 2d ___, 2006 WL 3686484 (Fla. Dist. Ct. App. Dec. 15, 2006) ................................................................................................... 11

*Turner Greenberg Assocs., Inc. v. Pathman*, 885 So. 2d 1004 (Fla. Dist. Ct. App. 2004)............................................................................................................... 11

*Wallis v. Ford Motor Co.*, 362 Ark. 317, ___ S.W.3d ___, 2005 WL 1120218 (Ark. May 12, 2005)................................................................................*passim*

## FEDERAL STATUTES

Fed. R. Civ. P. 9(b)................................................................................................*passim*

Fed. R. Civ. P. 12(b)(1)........................................................................................ 1, 15

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 10, 15

## STATE STATUTES

ADTPA, Ark. Code Ann. §§ 4-88-101 *et seq.* ................................................................ 4

ADTPA, Ark. Code Ann. § 4-88-113(f) ....................................................................... 5, 6

ADTPA, Ark. Code Ann. § 4-88-113(a)(2) ........................................................................ 6

Fla. Stat. § 501.211(2) ................................................................................................ 11

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") respectfully submits this reply brief in

support of its motion to dismiss all counts of the Amended Complaint filed by plaintiff Mark

Rogge ("Plaintiff" or "Rogge"), pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6).

## INTRODUCTION

Rogge's opposition to Wal-Mart's motion to dismiss does not respond <u>at all</u> to the key,

dispositive grounds for dismissal that Wal-Mart raised. Instead, Rogge pretends that Wal-Mart

somehow concedes the merits of his suit, makes believe that it is sufficient to simply state over

and over again the generic theories his lawyers have raised against other retailers, and imagines

that the same allegations apply to Wal-Mart and that Rogge was somehow injured by his sheet

purchase. That just doesn't cut it. Wal-Mart emphatically denies Plaintiff's allegations -- its

sheets are not manufactured, nor threads counted, in the manner Plaintiff supposes. But this is a

motion to dismiss, the point of which is that Rogge's complaint cannot even make it out of the

gate.

As an initial matter, Rogge says nothing about the threshold Article III standing

requirement. He alleges no demonstrable, particularized injury suffered by him and fails even to

respond to Wal-Mart's argument. Far from "three quarters of the way home" (Memorandum in

Opposition to Motion to Dismiss ("Opp."), p. 3), without establishing standing to sue, this Court

lacks subject matter jurisdiction, and Rogge does not get even to first base. Nor does Rogge

dispute that the Arkansas Deceptive Trade Practices Act ("ADTPA") has no extraterritorial

effect, and hence, that he has no standing to assert a violation of that Act. Thus, at a minimum,

Rogge's Count II -- his second attempt to assert a viable nationwide class action claim -- is a

conceded failure, and must be dismissed with prejudice. Finally, Rogge does not respond to any

of the authority Wal-Mart cited to the Court showing that his unjust enrichment claim fails as a matter of law. Again then, at a minimum, Count III must be dismissed with prejudice.

Even with respect to those grounds for dismissal as to which Rogge does offer some response, his arguments amount to little more than repetition of the Amended Complaint's conclusory assertions, and legal arguments that are either irrelevant or wrong. He first argues that next to nothing is required of him in his pleading, since the "trend" is not to require Rule 9(b) specificity in pleading claims under consumer fraud acts (Opp., p. 4.) Unfortunately for Rogge, the cases say otherwise, especially in situations where, as here, the plaintiff asserts "deceptive, unfair, misleading <u>and fraudulent</u> conduct." (Amended Complaint ("Am. Compl."), ¶ 9; emphasis added.) Moreover, with respect to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Rogge erects a straw man, arguing that "fraudulent intent is not necessary to sustain a violation under FDUTPA." (Opp., p. 7.) But Wal-Mart did not argue that plaintiff must show "intent." Wal-Mart moved to dismiss this claim because the heart of the claim is absent: Rogge does not and cannot show either "causation" or "injury." The salient inquiry is whether, and how, Rogge actually was "aggrieved" -- that is, suffered actual damage -- because of something Wal-Mart did that induced his purchase. Rogge still has no answer to that essential question. With respect to the ADTPA, Rogge vainly suggests that the Arkansas Supreme Court did not mean what it said when it held that where, as here, "the only alleged injury is the diminution value of the product, <u>a private cause of action is not cognizable under the ADTPA.</u>" *Wallis v. Ford Motor Co.*, 362 Ark. 317, ___ S.W.3d ___, 2005 WL 1120218, at *8 (Ark. May 12, 2005) (emphasis added).

In all, the grounds for dismissal that Rogge fails to contest are alone sufficient for entry of an order of dismissal with prejudice. As to the remaining grounds for Wal-Mart's motion,

Rogge's arguments fail as a matter of law.  These additional grounds also require dismissal with prejudice of Rogge's Amended Complaint.

## ARGUMENT

### I.   WAL-MART'S UNOPPOSED RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF ARTICLE III STANDING MUST BE GRANTED.

"Under elementary principles of standing, a plaintiff must allege and show that he personally suffered injury. . . . If he cannot show personal injury, then no article III case or controversy exists, and a federal court is powerless to hear his grievance." *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) (citation omitted).  Rogge had the burden of presenting "specific, concrete facts" showing that <u>he personally</u> suffered actual, legally cognizable injury as a result of the conduct he challenges.  *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000).  Allegations of "abstract injury will not suffice." *Id.*

As explained in detail in Wal-Mart's opening brief ("Opening Br." pp. 9-11), since Rogge does not (and, we submit, cannot) allege that he personally was damaged by the thread count stated on the sheets' packaging, he impermissibly relies on speculation about what <u>other</u> hypothetical "reasonable consumers" <u>might have thought</u> they were getting when they purchased sheets. (*See* Am. Compl., ¶ 13.)  Article III standing cannot be bootstrapped in this way; the "individual injury requirement is not met by alleging 'that injury has been suffered by other, unidentified members of the class to which [the plaintiff] belong[s] and which [he] purport[s] to represent.'"  *Griffin*, 823 F.2d at 1482-83 (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)).

Rogge's opposition brief is completely silent on these fundamental, threshold points, as to which he had the burden.  Since Rogge did "not respond to [Wal-Mart's standing] argument in

[his] response brief" he is "deemed to have conceded the point." *Drummer v. Bank*, 2006 WL 2051331, at *5 (N.D. Ill. July 18, 2006). Wal-Mart's Rule 12(b)(1) motion should thus be granted. *See id.* at *8 (granting summary judgment); *Eglen v. America Online, Inc.*, 2001 WL 1028851, at *3 (S.D. Ind. June 19, 2001) (citing *Gillespie v. City of Indianapolis*, 13 F. Supp. 2d 811, 826 (S.D. Ind. 1998), *aff'd.* 185 F.3d 693 (7th Cir. 1999)) (plaintiff abandoned claims by failing to respond to defendant's arguments in motion to dismiss); *Tripp v. Dep't of Defense*, 193 F. Supp. 2d 229, 243 (D.D.C. 2002) ("Plaintiff does not respond to this argument in any of her briefs, and therefore the Court will consider it conceded by plaintiff"; granting motion to dismiss); *United States v. Shelly*, 2005 WL 1154200 (W.D. Wis. May 16, 2005) ("Failure to brief a claim constitutes waiver") (citations omitted).

## II.    ROGGE DOES NOT DISPUTE THAT THE ADTPA HAS NO EXTRATERRITORIAL EFFECT, AND THAT HE HAS NO STANDING TO ASSERT A CLAIM UNDER THAT ACT.

Rogge pleads a purported nationwide consumer fraud class action (Count II), that he asserts would be governed by the ADTPA, Ark. Code Ann. §§ 4-88-101 *et seq.* (Am. Compl., ¶¶ 38-44.) As set forth in Wal-Mart's opening brief (pp. 11-14), this proposal fails as a matter of law because the ADTPA does not operate extraterritorially, and hence, does not permit a non-resident plaintiff like Rogge to bring a claim. As a resident of Florida, who purchased the so-called "offending" sheets in Florida (and importantly, who stresses that <u>Florida</u> law protects him), Rogge lacks standing to assert a violation of the ADTPA. *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 225-26 (S.D. Fla. 2002); *see also Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206, 215 (E.D. Pa. 2000). Since there is no Arkansas plaintiff with standing to sue under Arkansas law, Count II must be dismissed. *See Great Rivers Coop. v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997).

As was the case with Wal-Mart's Article III standing argument, Rogge's opposition brief does not contest this point. The most Rogge offers is the parenthetical comment that relief under ADTPA § 4-88-113(f) is "not limited to citizens of the state." (Opp., p. 10.) This comment is unsupported by any authority, and Rogge certainly does not address, much less dispute, the points and authorities in Wal-Mart's opening brief (pp. 11-14) demonstrating that the Act is limited to Arkansas residents (and indeed, an action thereunder must be brought in Arkansas). *See Huang v. U.S. Atty. Gen.*, 429 F.3d 1002, 1007 n. 2 (11th Cir. 2005) (where litigant did "not make any argument regarding her eligibility for relief" under statute, "the issue [was] deemed abandoned"). Rogge has, once again, "conceded the point." *Drummer*, 2006 WL 2051331, at *5. Accordingly, Count II should be dismissed with prejudice. *See Eglen*, 2001 WL 1028851, at *3; *Tripp*, 193 F. Supp. 2d at 243.

## III.   ROGGE CANNOT DISTINGUISH CONTROLLING SUPREME COURT OF ARKANSAS AUTHORITY THAT THE "DIMINUTION IN VALUE" ROGGE ASSERTS HERE DOES NOT SUPPORT A PRIVATE ACTION UNDER THE ADTPA.

Even if the ADTPA had nationwide, extraterritorial reach, and Rogge had standing to assert a cause of action, he cannot state a claim under controlling Arkansas precedent. Rogge concedes (1) that his only claimed injury in this case is the "economic diminution in value of the product or service purchased" (i.e., "the difference in value between that paid by Plaintiffs and what they should or would have paid had the truth been represented") (Opp., pp. 8-9; emphasis added), and (2) that *Wallis*, 2005 WL 1120218, represents "[t]he only real guidance from an Arkansas court regarding the ADTPA and recovery of a diminution in value for a consumer protection violation." (Opp., p. 10.)

Notwithstanding Rogge's efforts to muddy the waters, *Wallis* unquestionably forecloses his attempt to assert an ADTPA claim where "the only injury complained of is economic

diminution in value." *Wallis*, 2005 WL 1120218, at *1.  Affirming dismissal of a putative class

action plaintiff's fraud and ADTPA claim, the Supreme Court of Arkansas unequivocally

rejected the argument that a cognizable injury under the Act "can be based solely on a product's

diminution in value." *Id.*, at *2.  Ignoring this holding, Rogge instead argues at length that

"Wallis is not directly on point since it involves a product liability case."  (Opp., p. 11.)  Rogge

disregards both the facts and the reasoning underlying *Wallis'* holding.

      First, although Rogge self-labels *Wallis* a "product liability" case, the only claims raised

there were for fraud and statutory deceptive trade practices, not for tort liability (or strict

liability) resulting from a defective product.  As Rogge acknowledges, the plaintiff in *Wallis* "did

not allege any personal injury or property damage, and his [product] had not malfunctioned in

any way."  (Opp., p. 11.)  The same is true here.  Like Rogge, plaintiff Wallis alleged that

defendant "knowingly concealed" problems with the product that "led millions of consumers to

purchase" it "at prices far in excess of the values which would have been assigned to such

[products] had these dangers been disclosed."  *Id.*, at *1.  In other words, *Wallis* is no more a

"defective product" case than this one.  Yet, Rogge argues his claim should stand while Wallis'

fell.  It is nothing short of perverse to argue that *Wallis'* holding should not apply here because

the subject of the concealment there was a potentially dangerous product defect that was not yet

manifest, and the subject of the "concealment" here is the way in which the sheets' threads were

counted -- which has no discernable effect on the products' fitness (much less does it pose a risk

to life and limb), and certainly none that is alleged by Rogge.

      Second, underpinning *Wallis'* holding was the court's observation that, in contrast to the

Attorney General's broad power under the ADTPA (§ 4-88-113(a)(2)), a private cause of action

under ADTPA § 4-88-113(f), "is limited to instances where a person has suffered 'actual damage

or injury as a result of an offense or violation as defined in this chapter.'"  *Id.*, at *8.  The court

- 6 -

held such "actual damage or injury is sustained when the product has actually malfunctioned or the defect has manifested itself. Where the only alleged injury is the diminution value of the product, a private cause of action is not cognizable under the ADTPA." *Id.* (emphasis added). Again, all that Rogge alleges is diminution in value, or similar economic-only loss, which under *Wallis* is not sufficient to state a private claim under the ADTPA.

Rogge erroneously asserts that "in *Wallis* the Arkansas Supreme Court merely reaffirmed what had long been the law in Arkansas," namely, that the "difference between value as represented and actual value with flaw or defect" is the measure of damages "when the facts regarding a product are misrepresented in a consumer transaction." (Opp., pp. 11-12.) In fact, of course, *Wallis* did precisely the opposite. In interpreting the ADTPA's terms -- which is the matter at hand here -- the court squarely held that diminution in value was not "actual injury or damages" supporting a private right of action. The older Arkansas common law fraud cases that Rogge misleadingly cites preceded *Wallis*, and were not interpreting the ADTPA.

To be sure, the ADTPA had nothing to do with the other case Rogge cites, *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449 (5th Cir. 2001). *Coghlan* applied "diminution in value" as a damage formula (and found it "synonymous" with a "benefit of the bargain" remedy) -- but did not use the damages measure as a substitute for showing injury, a critical element of the claim. Rogge's assertion that "the Arkansas Supreme Court relied heavily" on *Coghlan* (Opp., p. 13) is, again, misleading since *Wallis* discussed *Coghlan* only in connection with the plaintiff's common law fraud claim and not the ADTPA. In short, like the other cases Rogge cites, *Coghlan* is of no value in interpreting and applying the ADTPA's terms and unique requirements.

Even if *Coghlan* had any relevance, it would be inapposite for a reason *Wallis* itself identified, namely, that "there is no allegation in the complaint that the [product] has not, to date,

- 7 -

been exactly what Wallis bargained for; that is, he does not allege that the vehicle has actually malfunctioned or that the defect has manifested itself." *Wallis*, 2005 WL 1120218, at *5. The same is true *a fortiori* here: there is no manifest defect, and there never will be a manifest defect.

Finally, Rogge's suggestion that the Court simply ignore *Wallis* and interpret the Arkansas law "similarly to the settled interpretation of the Florida statute" (Opp., p. 10) is profoundly wrong. *Wallis* expressly acknowledged that state consumer protection statutes vary, both in language and interpretation. The court cited examples of jurisdictions where potentially a claim could survive -- yet its point in doing so was to clearly distinguish Arkansas' statutory language and clarify that the claim is not recognized under the ADTPA. How Florida or any other state interprets their statutes is, of course, irrelevant to the ADTPA inquiry mandated by the Arkansas Supreme Court; in fact, the acknowledged split in state authority only highlights the utter inappropriateness of Rogge's attempt to raise his claim on behalf of a nationwide class.

## IV. ROGGE'S AMENDED COMPLAINT AGAIN FAILS TO MEET THE EXACTING STANDARDS OF FEDERAL RULE 9(B).

Rogge does not dispute that each count of his Amended Complaint is grounded in the general assertion that Wal-Mart "has been and is continuing to engage in deceptive, unfair, misleading and fraudulent conduct." (Am. Compl., ¶¶ 9, 14-16, 33, 41, 48-53.) Yet, Rogge asserts that the "trend followed by a majority" of courts is that the strict pleading requirements of Fed. R. Civ. P. 9(b) "do not apply to a deceptive trade practices claim." (Opp., p. 4.) Rogge is flat wrong; the "trend" that the vast majority of courts follow is precisely the opposite of what Rogge says. "Most courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b)." *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (FDUTPA claim alleging that plaintiff "did not receive the cruise that was promised to

- 8 -

her" was "insufficient" under 9(b)) (citations omitted).  "In light of this trend, claims arising under the FDUTPA must be pled with particularity." *Florida Digital Network, Inc. v. Northern Telecom, Inc.*, 2006 WL 2523163, at *5 (M.D. Fla. Aug. 30, 2006).  The cases Rogge cites certainly do not support his assertion that a "majority" of courts do not apply heightened pleading requirements to DTPA claims, *e.g.*, *Villano v. CBS, Inc.*, 176 F.R.D. 130 (S.D.N.Y. 1997) (Lanham Act false advertising claims not subject to 9(b) pleading requirements); some do not even discuss 9(b) at all.  *See Watkins v. Bibb*, 2006 WL 1975992 (S.D.N.Y. 2006); *FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312 (8th Cir. 1990).

Rule 9(b) serves the "important purpose" of protecting defendants "against spurious charges of immoral and fraudulent behavior" by requiring plaintiffs to state the "precise misconduct with which they are charged." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).  As such, it applies to <u>any</u> pleading grounded in averments of false statements -- whether labeled "fraud" or otherwise.  That includes deceptive trade practices claims like Rogge's.  *See, e.g.*, *Stires*, 243 F. Supp. 1313; *Cannon v. Metro Ford, Inc.*, 242 F. Supp. 2d 1322, 1332 (S. D. Fla. 2002) (dismissing FDUTPA claim for failure to meet particularity requirement of 9(b)).

The Amended Complaint fails to meet the exacting pleading requirements of Rule 9(b).  While Rogge asserts that he "provided great detail as to the specifics surrounding his purchase of the offending bed linens" (Opp., p. 5), his only addition to the first, deficient complaint was to identify the products he purchased and the Florida location of the store.  (Am. Compl., ¶ 10.)

Rogge's Rule 9(b) burden is not satisfied by repeating the complaint's allegations that "he was a victim" of "wrongful conduct," nor does it suffice to allege an "industry standard that has become accepted and relied upon by consumers" generally (Opp., pp. 5-6); Rogge still fails to indicate when <u>he</u> made the purchase, how much <u>he</u> paid, whether he has used the sheets to <u>his</u>

satisfaction (or dissatisfaction), or to explain how <u>he</u> suffered any actual injury as a result of this transaction.  This basic information -- the "who" "what" "when" or "where" of his alleged purchase from Wal-Mart; what was material in inducing the purchase; and his reaction thereto -- is essential for compliance with Rule 9(b).  *See Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320-21 (S.D. Fla. 2004) (plaintiff "must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' alleged fraudulent acts, when they occurred, and who engaged in them").

Furthermore, while Rogge stresses that the "measure of actual damages" under FDUPTA depends on the "market value" of the product as represented and as delivered (Opp., pp. 8-9, quoting *Ft. Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So. 2d 311, 314 (Fla. Dist. Ct. App. 1998)), the Amended Complaint fails even to plead <u>that</u> element with particularity -- it is silent both as to what Rogge paid, and what he posits is the proper "market value" of the sheets.  *See Stires*, 243 F. Supp. 2d at 1322 (dismissing FDUPTA claim, finding plaintiff "has not sufficiently plead damages by alleging facts demonstrating that the value of the cruise" she took "was less than the market value of the cruise promised to" her).

## V.   ROGGE'S OBFUSCATION CANNOT AVOID THE ABSENCE OF CAUSATION AND DAMAGES THAT DOOMS ALL HIS CLAIMS.

Rogge asserts that Wal-Mart's motion to dismiss "does not even cite to FDUTPA nor does it make a single argument for dismissal of the FDUTPA claim."  (Opp., p. 9.)  Not true; in fact, Wal-Mart specifically argued that, far beyond Rule 9(b), Rogge's DUTPA claims -- whether asserted under Florida or Arkansas law -- lack the essential elements of causation and damages, and should be dismissed for failure to state a claim.  Fed. R. Civ. P. 12(b)(6). (Opening Br., pp. 9-11.)  It is Rogge who, once again, does not "make a single argument" in response to this argument.

- 10 -

Rogge does not dispute that causation and damages are essential elements of an FDUTPA claim; he could not. *See, e.g., Rollins, Inc. v. Butland*, ___ So. 2d ___, 2006 WL 3686484, at *5 (Fla. Dist. Ct. App. Dec. 15, 2006). Instead, Rogge avoids the subject entirely, irrelevantly arguing that FDUTPA does not require a "finding of fraudulent intent" or "individual, detrimental reliance"; and that under the statute, "damages are generally based upon the economic diminution in value of the product or service purchased." (Opp., pp. 7-8.)  None of these red herrings is a substitute for the fundamental requirements of damage causation.

"[T]he elements of harm and causation" are "essential" to a FDUTPA claim. *Haun v. Don Mealey Imports, Inc.*, 285 F. Supp. 2d 1297, 1307 (M.D. Fla. 2003).  As the Act plainly says, Rogge himself must be "a person who has suffered a loss as a result of a violation . . . ." Fla. Stat. § 501.211(2).

> Courts have interpreted this language to require that the alleged deceptive conduct proximately caused actual damages. An individual consumer who "did not suffer any actual damages proximately caused by" the alleged deception cannot maintain a claim for damages under FDUPTA.

*Green v. McNeil Nutritionals, LLC*, 2005 WL 3388158, at *4 (Fla. Cir. Ct. Duval County Nov. 16, 2005) (citations omitted). *See also Turner Greenberg Assocs., Inc. v. Pathman*, 885 So. 2d 1004, 1007 (Fla. Dist. Ct. App. 2004) ("[t]he demonstration of actual loss is a predicate to recovery under FDUTPA").

Rogge's argument that his own "individual, detrimental reliance" is not required under FDUTPA (Opp., p. 7) seeks to read these essential elements out of the statute. The court in *Green*, 2005 WL 3388158, rejected just such a contention. *Green* was a purported class action complaining of representations in defendants' packaging and marketing that their sugar substitute (Splenda) was made from "real sugar"; like Rogge, the plaintiff and purported class representative alleged that this was "likely to mislead the average consumer," and that he

personally "need not prove the elements of fraud," including "actual reliance," in order to sustain a FDUTPA action. *Id.*, at *4-5. But the court held the authority plaintiff relied upon for this proposition "did not hold that a FDUPTA claim can be sustained without proving that the consumer was an 'aggrieved party' or suffered a 'loss.'" *Id.*, at *5.

The *Green* court distinguished one of the cases plaintiff cited, *Latman v. Costa Cruise Lines*, 758 So. 2d 699, 703 (Fla. Dist. Ct. App. 2000) (which Rogge also cites, *see* Opp., p. 8), because there, "each member of the respective class sustained a loss whether or not he relied on the defendant's alleged violation of FDUPTA," and "could establish the loss without further individualized proof." *Green*, 2005 WL 3388158, at *7. In stark contrast, "whether a purported class member suffered a loss depends on the individual's reason for purchasing Splenda." *Id.* "A reasonable assumption can be made that 'objective, reasonable Florida consumers' purchased Splenda for a variety of reasons. Thus, to establish a 'loss' under FDUPTA, each individual would have to show why he or she purchased the product." *Id.* (emphasis added).

The same is true here. While Rogge refers in his brief to "allegations regarding the industry standard that he applied in making his purchase" (Opp., p. 5; emphasis added), in fact, the Amended Complaint contains no allegations about what exactly caused Rogge himself to make his purchase, much less how anything Wal-Mart did caused him damage. Rather, Rogge relies on the vague and utterly conclusory allegations that "Plaintiff and the Class" "purchased the offending bed linens and bed sheets because of the misrepresentations of the Defendants" and have "suffered an ascertainable loss." (Am. Compl., ¶¶ 35, 45, 52; *see* Opp., p. 6.) While "pleading rules are liberal, conclusory statements of 'direct and proximate result' do not state an element." *Haun*, 285 F. Supp. 2d at 1307.

As discussed above in connection with the Article III standing and Rule 9(b) requirements, the *sine qua non* of Rogge's complaint -- that he was actually deceived and

- 12 -

damaged by Wal-Mart -- is missing.  Instead, Rogge's purposefully vague allegations strongly suggest that Rogge bought the variety of sheets he did, just shortly before filing a nationwide class action complaint, for the very purpose of serving as plaintiff.  But, "because Plaintiff fails to allege *how* he was 'aggrieved by' Defendants' acts, he fails to state the elements of harm and causation, essential to his claim." *Id.* at 1307 (italics in original); *Green*, 2005 WL 3388158; *cf. Griffin*, 823 F.2d at 1483 ("a plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, 'even if the persons described in the class definition would have standing themselves to sue'") (quoting *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981)).

For example, *In re Crown Auto Dealerships, Inc.*, 187 B.R. 1009 (Bankr. M.D. Fla. 1995) -- one of the many cases cited in Wal-Mart's motion that Rogge does not address -- rejected a FDUPTA claim based on plaintiffs' purchase of cars "sold to them as new" when in fact they had been stolen and recovered.  As in *Wallis, supra*, the court held plaintiffs "received the vehicle that they bargained for" and "failed to establish that they suffered any actual damages as a result of Crown's representations concerning the vehicles." *Id.* at 1019.  *See also Philip Morris USA Inc. v. Hines*, 883 So. 2d 292, 294 (Fla. Dist. Ct. App. 2004) (since some consumers did not buy misleadingly labeled "low tar" cigarettes for health related reasons, they "suffered no loss and essentially got what they wanted and paid for").

Here too, the Amended Complaint contains no allegation that Rogge did not know exactly what he was getting -- bargaining for -- when he purchased the sheets.  *See also Hutson v. Rexall Sundown, Inc.*, 837 So. 2d 1090, 1093 (Fla. Dist. Ct. App. 2003) ("a person who had actual knowledge of the number of softgels needed to be taken per serving would not have suffered any damages as a result of the alleged deceptive trade practice and, therefore, would have no cause of action"); *Green*, 2005 WL 3388158, at *8.

- 13 -

Indeed, there is not even any allegation that Rogge was <u>subjectively</u> dissatisfied with the sheets, *see Crown Auto*, 187 B.R. at 1019 (plaintiff's "subjective feelings of disappointment are insufficient to form the basis of an award of actual damages" under FDUTPA), or that the "market value" of those sheets was less than the (unpleaded) price that Rogge paid. *See Stires v. Carnival Corp.*, 243 F. Supp. 2d at 1322 (dismissing a FDUPTA claim where plaintiff did not sufficiently allege facts as to the "market value of the cruise promised"); *Ft. Lauderdale Lincoln Mercury*, 715 So. 2d at 314 (reversing judgment because plaintiff "failed to sustain his burden of demonstrating the market value" of the product "in order for the trial court to ascertain his actual damages"). In other words, even if a FDUTPA claim can be sustained where the plaintiff paid more than he would have "had he only known" of a defect (the "diminution in value" theory on which Rogge relies, Opp., pp. 8-9), such a theory is a *non sequitur* where, as here, the plaintiff nowhere alleges that anything at all was wrong with the sheets.

Since all Counts of the Amended Complaint flunk the causation and damage requirements of a cause of action, dismissal is in order.

## VI.   ROGGE DOES NOT DISPUTE THAT HE FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT; HENCE, COUNT III MUST BE DISMISSED.

As explained in Wal-Mart's opening brief (pp. 16-17), the same allegations that underpin Rogge's purported claims under the Florida and Arkansas DTPA statutes are repeated under the label "unjust enrichment" in Count III of the Amended Complaint. As a matter of law, since Rogge has relied on a "wrong" under those statutes, he cannot end-run their specific requirements by the expedient of relabeling his claim as one for "unjust enrichment." *Guyana Tel. & Telegraph Co. v. Melbourne Int'l Commc'ns, Ltd.*, 329 F.3d 1241 (11th Cir. 2003); *cf. Space Gateway Support v. Prieth*, 371 F. Supp. 2d 1364, 1370 (M.D. Fla. 2005) ("the remedy of

unjust enrichment is not appropriate in this case"; dismissing claim was proper because "[a]n

unjust enrichment claim would be duplicative of the relief [plaintiff] seeks in Count 1").

　　　　Again, Rogge does not respond to this ground for dismissal, thereby conceding the point,

requiring dismissal of Count III.

## CONCLUSION

　　　　For the reasons stated, Wal-Mart respectfully requests that this Court grant its motion

pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6) and dismiss the Amended Complaint.

Dated: January 3, 2007

　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

Of Counsel:　　　　　　　　　　　Michael A. Schlanger
Gregory R. Naron　　　　　　　　Michael H. Barr
　　　　　　　　　　　　　　　　　　Sandra D. Hauser
　　　　　　　　　　　　　　　　　　SONNENSCHEIN NATH & ROSENTHAL LLP
　　　　　　　　　　　　　　　　　　1221 Avenue of the Americas
　　　　　　　　　　　　　　　　　　New York, NY 10020-1089
　　　　　　　　　　　　　　　　　　Phone: (212) 768-6700
　　　　　　　　　　　　　　　　　　Fax: (212) 768-6800

　　　　　　　　　　　　　　　　　　William Stetson
　　　　　　　　　　　　　　　　　　SONNENSCHEIN NATH & ROSENTHAL LLP
　　　　　　　　　　　　　　　　　　777 South Flagler Drive
　　　　　　　　　　　　　　　　　　West Palm Beach, FL 33401-6144
　　　　　　　　　　　　　　　　　　Phone: (561) 833-2410
　　　　　　　　　　　　　　　　　　Fax: (561) 833-8387

　　　　　　　　　　　　　　　　　　Attorneys for Defendant Wal-Mart Stores, Inc.

- 15 -

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NUMBER:  06-CV-60506 (Marra/Seltzer)**

| | |
|---|---|
| **MARK ROGGE, individually,** <br> **and on behalf of all others** <br> **similarly situated** <br><br>        **Plaintiff,** <br><br> **vs.** <br><br> **WAL-MART STORES, INC.,** <br> **a foreign corporation; and John** <br> **Doe Corporations,** <br><br>        **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Certificate of Service**

I hereby certify that on January 4, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/WILLIAM STETSON

**SERVICE LIST**
**ROGGE, ET AL. vs. WAL-MART STORES, INC., ET AL.**
**CASE NUMBER:  06-CV-60506 (Marra/Seltzer)**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA, FORT**
**LAUDERDALE DIVISION**

| | |
|---|---|
| Gary M. Farmer, Jr.<br>FL Bar No. 914444<br>FREEDLAND, FARMER, RUSSO &<br>SHELLER, PL<br>2665 Executive Park Drive, Ste. 3<br>Weston, FL 33331<br>Tel: 954-467-6400<br>Attorneys for Plaintiff Rogge<br>Via Notice of Electronic Filing | Edward H. Zebersky<br>FL Bar No. 0908370<br>James P. Gitkin<br>FL Bar No. 570001<br>ZEBERSKY & PAYNE, LLP<br>4000 Hollywood Boulevard, Ste. 400-N<br>Hollywood, FL 33021<br>Tel: 954-989-6333<br>Fax: 954-989-7781<br>Attorneys for Plaintiff Rogge<br>Via Notice of Electronic Filing |